1  RACHAEL LAVI, Bar No. 294443
   rlavi@littler.com
2  LITTLER MENDELSON, P.C.
   2049 Century Park East
3  5th Floor
   Los Angeles, CA  90067.3107
4  Telephone:   310.553.0308
   Fax No.:      310.553.5583
5
   LYNDSEY M. MARCELINO, Bar No. 299879
6  lmarcelino@littler.com
   LITTLER MENDELSON, P.C.
7  1300 IDS Center
   80 S. 8th Street
8  Minneapolis, MN  55402
   Telephone:  612.630.1000
9
   Attorneys for Defendant
10

ELECTRONICALLY FILED
Superior Court of California
County of Santa Barbara
Darrel E. Parker, Executive Officer
10/5/2020 8:45 AM
By: Jazmine Teimori, Deputy

11

SUPERIOR COURT OF CALIFORNIA

12

COUNTY OF SANTA BARBARA

13

COOK DIVISION

14

15  WALTER PARRISH, Individually, and on
    Behalf of Other Members of the Public
16  Similarly Situated and the State of
    California,

17              Plaintiff,

18       v.

19  THE OKONITE COMPANY, INC., a
    corporation; and DOES 1 through 25,
20  inclusive,

21              Defendant.

Case No.  20CV02753

**ANSWER AND AFFIRMATIVE AND
ADDITIONAL DEFENSES**

22

23              **GENERAL DENIAL**

24       Pursuant to the provisions of Code of Civil Procedure section 431.30, Defendant generally

25  denies each and every allegation contained in the Complaint, and further denies that Plaintiff is entitled

26  to compensatory damages, penalties, restitution, attorneys' fees, equitable or injunctive relief,

27  prejudgment interest, costs of suit, or any other relief of any kind whatsoever.

28

**AFFIRMATIVE DEFENSES**

Defendant alleges the following affirmative defenses against the claims of Plaintiff and each putative class member.  In so doing, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below.  Further, Defendant does not presently know all the facts concerning the conduct of Plaintiff and/or the putative class members Plaintiff seeks to represent sufficiently to state all affirmative defenses at this time.  Accordingly, Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.      As a separate and distinct affirmative defense, Defendant alleges the Complaint and each cause of action set forth therein, or some of them, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Equitable Doctrine of Waiver)**

2.      As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of waiver.

**THIRD AFFIRMATIVE DEFENSE**

**(Consent)**

3.      As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by express or implied consent to the conduct attributed to Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

4.      As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

2.

ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES

1   cause of action set forth therein, or some of them, are barred by the equitable doctrine of estoppel

2   and/or judicial estoppel, including, *inter alia*, to the extent that Defendant were ignorant, actually and

3   permissibly, of the purported harm now alleged and Plaintiff and some, or all, of the putative class

4   members Plaintiff seeks to represent failed and refused to alert Defendant to the purported harm.

5   **FIFTH AFFIRMATIVE DEFENSE**

6   **(Laches)**

7        5.     As a separate and distinct affirmative defense, Defendant is informed and believes that

8   further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each

9   cause of action set forth therein, or some of them, are barred by the equitable doctrine of laches.

10   **SIXTH AFFIRMATIVE DEFENSE**

11   **(Unclean Hands)**

12        6.     As a separate and distinct affirmative defense, Defendant is informed and believes that

13   further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each

14   cause of action set forth therein, or some of them, are barred by the equitable doctrine of unclean

15   hands.

16   **SEVENTH AFFIRMATIVE DEFENSE**

17   **(Accord and Satisfaction)**

18        7.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint

19   and the causes of action set forth therein are barred by the doctrine of accord and satisfaction to the

20   extent that some, or all, of the putative class members Plaintiff seeks to represent have received, or

21   will receive, compensation for any outstanding wages, penalties, and/or damages purportedly due.

22   **EIGHTH AFFIRMATIVE DEFENSE**

23   **(Release)**

24        8.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint

25   and the causes of action set forth therein are barred to the extent that Plaintiff and some, or all, putative

26   class members Plaintiff seeks to represent have released Defendant from any liability as alleged in the

27   Complaint.

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3.

ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINTH AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

9.      As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of collateral estoppel and/or *res judicata* to the extent that Plaintiff and/or putative class members Plaintiff seeks to represent have litigated or will litigate issues raised by the Complaint prior to adjudication of those issues in the instant action.

**TENTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

10.      As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred by the applicable statutes of limitations, including, but not limited to, those set forth in California Code of Civil Procedure section 338(a); California Code of Civil Procedure section 340(a); California Business and Professions Code section 17208, and the six-month limitations period under section 301 of the Labor Management Relations Act ("LMRA") as set forth in *DelCostello v. Teamsters* (1983) 462 U.S. 151.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Standing)**

11.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff lacks standing to assert the legal rights or interests of others.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Damages)**

12.      As a separate and distinct affirmative defense, Defendant alleges that this case cannot be tried on a representative basis or with the use of statistical sampling consistent with due process because the use of representative evidence or statistical sampling would result in damages being awarded to those who have suffered no injury and have no legal right to damages.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Breach of Duties)**

13.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's and/or some or all, of the putative class members' claims are barred by their own breach of the duties owed to Defendant pursuant to the California Labor Code, including but not limited to California Labor Code §§ 2853 to 2859.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Labor Code §§ 201-204, – Timely Wage Payments)**

14.     As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims for penalties are barred because (1) there are bona fide disputes as to whether Defendant failed to timely pay all wages due, (2) there are bona fide disputes as to whether Defendant failed to present wage statements on a timely basis, and (3) Defendant has not willfully failed to pay such compensation, if any is owed.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Defendant Acted in Good Faith)**

15.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because good cause existed for each and every action taken by Defendant with respect to Plaintiff's employment and Defendant acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by Defendant at the time Defendant acted or failed to take action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(CAL. LAB. CODE § 226 – Knowing and Intentional Failure)**

16.     As a separate and distinct affirmative defense, Defendant alleges that, assuming *arguendo* Plaintiff and/or any putative class members were not provided with a proper itemized statement of wages – which Defendant denies – Plaintiff and/or any putative class members are not entitled to recover damages because Plaintiff and/or any putative class members were not "injured"

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5.

ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES

1  thereby and because Defendant's alleged failure to comply with California Labor Code § 226(a) was

2  not a "knowing and intentional failure" under California Labor Code § 226(e).

3  ## SEVENTEENTH AFFIRMATIVE DEFENSE

4  ### (CAL. LAB. CODE § 226(a) – No Injury)

5      17.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint

6  fails, in whole or in part, because Plaintiff and the putative class members whom Plaintiff seeks to

7  represent have suffered no injury from any alleged failure by Defendant to comply with California

8  Labor Code § 226(a).

9  ## EIGHTEENTH AFFIRMATIVE DEFENSE

10  ### (Secreted or Absented)

11      18.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

12  and each and every alleged cause of action therein, or some of them, are barred to the extent that

13  Plaintiff and/or some, or all, of the putative class members Plaintiff seeks to represent secreted or

14  absented themselves to avoid payment of wages, thereby relieving Defendant of liability for waiting

15  time penalties under the California Labor Code, including but not limited to California Labor Codes

16  §§ 201, 202 and 203.

17  ## NINETEENTH AFFIRMATIVE DEFENSE

18  ### (CAL. LAB. CODE § 203 – Refusal of Payment)

19      19.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

20  and each and every alleged cause of action therein, or some of them, cannot be maintained against

21  Defendant to the extent that Plaintiff and some, or all, of the putative class members whom Plaintiff

22  seeks to represent refused payment fully tendered to him or her by Defendant, thereby relieving

23  Defendant of liability for alleged violations of California Labor Code § 203.

24  ## TWENTIETH AFFIRMATIVE DEFENSE

25  ### (No Willful or Intentional Failure to Pay)

26      20.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

27  and each and every alleged cause of action therein, or some of them, are barred to the extent that

28  Plaintiff seeks to recover penalties premised on Labor Code section 203, as Plaintiff and some, or all,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6.

ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES

1  of the putative class members Plaintiff seeks to represent fail to state a claim for such penalties

2  because, even assuming, *arguendo*, that Plaintiff and/or some or all of the putative class members are

3  entitled to additional compensation – which Defendant denies – Defendant acted in good faith and has

4  not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or some

5  or all of the putative class members and they never made a demand for such additional compensation.

6  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

7  **(Injury Resulted From Act or Omission of Plaintiff/Putative Class Members)**

8  21.    As a separate and distinct affirmative defense, Defendant alleges that each purported

9  cause of action contained in the Complaint, or some of the causes of action, are barred because the

10  alleged losses or harms, if any, sustained by Plaintiff and/or some or all of the putative class members

11  resulted from the acts or omissions of Plaintiff and/or some or all of the putative class members.

12  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

13  **(*De Minimis*)**

14  22.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and

15  some, or all, of the putative class members whom Plaintiff seeks to represent are barred from

16  recovering under the Complaint under the "*de minimis*" doctrine.

17  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

18  **(Avoidable Consequences)**

19  23.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint,

20  and each and every alleged cause of action therein, or some of them, are barred, or any recovery should

21  be reduced pursuant to the avoidable consequences doctrine because Defendant took reasonable steps

22  to prevent and correct any of the harm/violations alleged.  Plaintiff and some, or all, of the putative

23  class members whom Plaintiff seeks to represent unreasonably failed to use the preventative and

24  corrective opportunities provided to them by Defendant, and reasonable use of Defendant's procedures

25  would have prevented at least some, if not all, of the harm that Plaintiff and some, or all, of the putative

26  class members whom Plaintiff seeks to represent allegedly suffered.

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

7.

ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### (Unreasonable and Bad Faith)

3      24.    As a separate and distinct affirmative defense, Defendant is informed and believes that

4   further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each

5   and every cause of action set forth therein, or some of them, are unreasonable and/or were filed in bad

6   faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against

7   Plaintiff and his attorneys.

8

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

9

### (No Permission or Knowledge)

10      25.    As a separate and distinct affirmative defense, Defendant alleges that to the extent

11   Plaintiff and the putative class members whom Plaintiff seeks to represent did not take meal periods

12   and rest breaks, Plaintiff voluntarily chose not to do so and/or did so without permission or the actual

13   or constructive knowledge of Defendant and/or failed to work the requisite number of hours to qualify

14   for a meal period and/or rest break.

15

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

16

### (Meal Periods and Rest Breaks - Failure and/or Waiver)

17      26.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff, and the

18   putative class members whom Plaintiff seeks to represent, have no right to premium payments under

19   California Labor Code section 226.7 because, to the extent, if any, Plaintiff and the putative class

20   members did not take meal periods or rest breaks, it was because they: (1) failed to take meal periods

21   or rest breaks that were provided by Defendant in compliance with California law; (2) chose not to

22   take meal periods or rest breaks that were authorized and permitted by Defendant; or (3) waived their

23   right to meal periods under California Labor Code section 512(a).

24

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

25

### (Failure to Mitigate)

26      27.    As a separate and distinct affirmative defense, Defendant alleges Plaintiff and/or the

27   putative class members have failed to exercise reasonable care to mitigate their damages, if any were

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

8.

ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES

1  suffered, and their right to recover against Defendant should be reduced and/or eliminated by such a

2  failure.

3  ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

4  **(Adequate Remedy at Law)**

5  28. As a separate and distinct affirmative defense, Defendant alleges that the Complaint

6  and each cause of action therein, or some of them, are barred because, to the extent that Plaintiff and

7  the putative class members, or some of them, seek to recover injunctive relief, Plaintiff and the putative

8  class members are not entitled to such relief because they have an adequate remedy at law.

9  ## TWENTY-NINTH AFFIRMATIVE DEFENSE

10  **(Offset)**

11  29. As a separate and distinct affirmative defense, Defendant alleges that any recovery to

12  which Plaintiff and/or the putative class members are entitled, if any, must be offset by any benefits

13  and/or other monies they have received or will receive, including overpayments by Defendant, if any.

14  ## THIRTIETH AFFIRMATIVE DEFENSE

15  **(Bus. & Pro. Code §§ 17200 *et seq.* – No Injury)**

16  30. As a separate and distinct affirmative defense, Defendant alleges that Defendant

17  provided Plaintiff and/or the putative class members with proper compensation and California-

18  compliant wage statements. Accordingly, because no injury resulted, they lack standing to bring a

19  cause of action under California Business and Professions Code section 17200, *et seq*.

20  ## THIRTY-FIRST AFFIRMATIVE DEFENSE

21  **(Unconstitutionally Vague)**

22  31. Defendant alleges that the California Business and Professions Code § 17200, et seq.

23  and the Wage Orders on which Plaintiff rely are unconstitutionally vague and overbroad in the manner

24  in which Plaintiff and the other putative class members claim that this statute and/or Wage Order

25  applies to Defendant's business practices and thus constitute a violation of Defendant's right to due

26  process under the Fourteenth Amendment to the United States Constitution and Article I, § 7 of the

27  California Constitutions. *See People ex rel Lockyer v. R.J. Reynolds Tobacco Company*, 37 Cal.4th

28  707 (2005).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

9.

ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Claims Not Suitable for Litigation on Representative Basis)**

32.     Defendant alleges that the Complaint, and each and every alleged cause of action therein, or some of them, are barred because Plaintiff is not an adequate and proper representative of any group or putative class which Plaintiff seeks to represent.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(Class Action – Certification Prerequisites)**

33.     Defendant alleges that Plaintiff cannot satisfy the prerequisites for class certification and therefore cannot represent the interest of others.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Class Action – Lack of Predominance)**

34.     Defendant alleges that the types of claims alleged by Plaintiff on behalf of himself and/or the alleged putative class members he purports to represent are matters in which individual questions dominate and thus are not appropriate for class treatment.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Class Action – Lack of Numerosity)**

35.     Defendant alleges that the alleged putative group that Plaintiff purports to represent is not so numerous that joinder is impossible.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Class Action – Lack of Commonality)**

36.     Defendant alleges that Plaintiff is not similarly situated to other potential members of the alleged putative group he purports to represent and thus is an inadequate representative of the alleged putative group.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Class Action – Lack of Typicality)**

37.     Defendant alleges that certain interests of the alleged putative group are in conflict with the interests of all or certain subgroups of the members of the putative group.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

10.

ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES

1

## **THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

2

### **(Class Action – Lack of Superiority)**

3       38.     Defendant alleges that Plaintiff has not shown and cannot show that class treatment of

4  the purported causes of action in the Complaint is superior to other methods of adjudicating the

5  controversy.

6

## **THIRTY-NINTH AFFIRMATIVE DEFENSE**

7

### **(Class Action – Lack of Manageability)**

8       39.     Defendant alleges that the Complaint and each purported cause of action alleged

9  therein, cannot proceed as a purported class action because of difficulties likely to be encountered that

10  render the action unmanageable.

11

## **FORTIETH AFFIRMATIVE DEFENSE**

12

### **(Class Action – Violation of Due Process)**

13       40.     Defendant alleges that certification of a class, as applied to the facts and circumstances

14  of this case, would constitute a denial of Defendants' due process rights, both substantive and

15  procedural, in violation of the Fourteenth Amendment to the United States Constitution and the

16  California Constitution.  Defendants reserve the right to amend this Answer upon further investigation

17  and discovery of facts supporting this defense.

18

## **FORTY-FIRST AFFIRMATIVE DEFENSE**

19

### **(Class Action – No Damages)**

20       41.     Defendant alleges that this case cannot be tried on a representative basis or with the use

21  of statistical sampling consistent with due process because the use of representative evidence or

22  statistical sampling would result in damages being awarded to those who have suffered no injury and

23  have no legal right to damages.

24

## **FORTY-SECOND AFFIRMATIVE DEFENSE**

25

### **(Substantial Compliance)**

26       42.     Defendant alleges that Plaintiff's claim for civil penalties fails because, to the extent –

27  which Defendant denies – that it did not fully comply with the requirements of any particular

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

11.

ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES

1  California Labor Code provision, Defendant has substantially complied with the requirements of such

2  statute such that the imposition of civil penalties would be improper.

3  <b><u>FORTY-THIRD AFFIRMATIVE DEFENSE</u></b>

4  <b>(On-Duty Meal Period Agreement)</b>

5       43.    Defendant alleges, that the Complaint and each and every cause of action set forth

6  therein, or some of them, are barred because, Plaintiff and the putative class and Defendant entered

7  into an on-duty meal period agreement.

8  <b><u>FORTY-FOURTH AFFIRMATIVE DEFENSE</u></b>

9  <b>(Preemption by LMRA)</b>

10       44.    Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein,

11  or some of them, are barred to the extent that they are preempted by section 301(a) of the Labor

12  Management Relations Act, 29 U.S.C. § 185(a).

13  <b><u>FORTY-FIFTH AFFIRMATIVE DEFENSE</u></b>

14  <b>(Preemption by LMRA because of Interpretation of CBA)</b>

15       45.    Plaintiff's and the putative class's employment was covered by a collective bargaining

16  agreement and Plaintiff's claims are completely preempted by Section 301 of the Labor Management

17  Relations Act ("LMRA"), 29 U.S.C. section 195(a), because in order to adjudicate those claims the

18  Court must interpret the meaning of the collective bargaining agreement that governed the terms of

19  Plaintiff's and the putative class's employment with Defendant.

20  <b><u>FORTY-SIXTH AFFIRMATIVE DEFENSE</u></b>

21  <b>(Arbitration)</b>

22       46.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

23  Complaint and each purported cause of action therein, or some of them are barred to the extent that

24  Plaintiff entered into an arbitration agreement (either individually or through a collective bargaining

25  agreement) and, therefore, his exclusive remedy for his claims is through final and binding arbitration.

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

12.

ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

47.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses may be warranted and reserves the right to assert additional defenses or affirmative defenses in the event discovery indicates such defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.      Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.      Plaintiff take nothing by this action;

3.      Defendant is awarded its costs and attorneys' fees incurred herein; and

4.      Defendant is awarded such other and further relief as the Court deems just and proper.

Dated:          September 29, 2020


_s/ Lyndsey M. Marcelino_
LYNDSEY M. MARCELINO
LITTLER MENDELSON, P.C.
Attorneys for Defendant


4813-0338-0940.1 109525.1001

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

13.

**PROOF OF SERVICE**

1

2       I am a resident of the State of Minnesota, over the age of eighteen years, and not a party to

3   the within action.  My business address is 1300 IDS Center, 80 S. 8th Street, Minneapolis, MN

4   55402.  On September 29, 2020, I served the within document(s):

5                **ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES**
    ☐   by placing a true copy of the document(s) listed above for collection and mailing
6       following the firm's ordinary business practice in a sealed envelope with postage thereon
        fully prepaid for deposit in the United States mail at Los Angeles, California addressed as
7       set forth below.

8
    ☒   Based on a court order or an agreement of the parties to accept service by e-mail or
9       electronic transmission, I caused the documents to be sent to the persons at the e-mail
        addresses on the attached service list on the dates and at the times stated thereon. I did not
10      receive, within a reasonable time after the transmission, any electronic message or other
        indication that the transmission was unsuccessful. The electronic notification address of
11      the person making the service is lmarcelino@littler.com.

12
        *MOHAMMED K. GHODS*                      E-mail for electronic service:
13      *JEREMY A. RHYNE*
        *LEX OPUS*                               jrhyne@lexopusfirm.com
14      *2100 N. Broadway, Suite 210*            ruben@workworldlaw.com
        *Santa Ana, CA 92706*
15
        *RUBEN ESCOBEDO*
16      *WORKWORLD LAW CORP. P.C.*
17      *731 S. Lincoln Street*
        *Santa Maria, CA 93458*
18
        *Attorneys for Plaintiff*
19
        I am readily familiar with the firm's practice of collection and processing correspondence for
20
    mailing and for shipping via overnight delivery service.  Under that practice it would be deposited
21
    with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight
22
    delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in
23
    the ordinary course of business.
24
        I declare under penalty of perjury under the laws of the State of California that the above is
25
    true and correct.  Executed on September 29, 2020 at Minneapolis, Minnesota.
26
                                            *s/ Lyndsey M. Marcelino*
27                                          Lyndsey M. Marcelino

28  4823-8153-0061.1 109525.1001