MOHAMMED K. GHODS (SBN 144616)
JEREMY A. RHYNE (SBN 217378)
LEX OPUS
2100 N. Broadway, Suite 210
Santa Ana, CA 92706
Telephone:  (714) 558-8580
Facsimile:   (714) 558-8579
jrhyne@lexopusfirm.com

RUBEN ESCOBEDO (SBN 277866)
WORKWORLD LAW CORP.
A Professional Corporation
731 S. Lincoln Street
Santa Maria, CA 93458
Telephone:  (805) 335-2476
Facsimile:   (805) 892-6213
Email: ruben@workworldlaw.com

Attorneys for Plaintiff, WALTER PARRISH,
and on Behalf of Other Members of the
Public Similarly Situated and the State of California

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER PARRISH, Individually, and on Behalf of Other Members of the Public Similarly Situated and the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>THE OKONITE COMPANY, INC.,<br><br>Defendant. | CASE NO: CV -20-9000-JFW (JCx)<br><br>*Assigned for All Purposes to:*<br>*Hon. John F. Walter*<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Comes now WALTER PARRISH ("Plaintiff"), who individually and on behalf of other members of the public similarly situated, and on behalf of the State of California, asserts claims against THE OKONITE COMPANY, INC. ("Defendant") as follows:

## JURISDICTION AND VENUE

1. This class action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a). Plaintiff is a citizen of Alabama. Defendant is a citizen of New Jersey. The amount in controversy exceeds $75,000.

3. Plaintiff filed an exhaustion letter with the California Labor and Workforce Development Agency ("LWDA") providing notice of his intent to bring a private attorneys general action for recovery of penalties under the California Labor Code Private Attorneys General Action of 2004, California Labor Code §§ 2698, *et seq.* ("PAGA"). PAGA permits an "aggrieved employee" to bring a lawsuit for civil penalties to address an employer's violations of the California Labor Code committed against them and other current and former employees. The PAGA exhaustion period has expired and Plaintiff is now authorized to bring this action under the PAGA. Plaintiff now files this First Amended Complaint, as permitted by law, to seek penalties as a private attorney general for the California Labor Code violations committed against him and Defendant's other current and former California employees.

4. This Court has jurisdiction over Defendant because, upon information and belief, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California labor market.

5. Venue is proper in this Court because this action arises from Plaintiff's labor contracted for and/or provided in the Central District of California.

/ / /

2
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

## PARTIES

6. Plaintiff is an individual who at all times during which he was employed by Defendant resided in the County of Santa Barbara, California.

7. The Okonite Company, Inc. is a New Jersey corporation qualified to do business in California. On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendant did and continues to transact business in California.

8. Whenever in this complaint reference is made to any act, deed, or conduct of The Okonite Company, Inc., the allegation means that The Okonite Company, Inc. engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of The Okonite Company, Inc.

## CLASS ACTION ALLEGATIONS

9. Plaintiff brings this action on his own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under Rule 23.

10. All claims alleged herein arise under California law for which Plaintiff seeks relief as authorized by California law.

11. The proposed Class is comprised of and defined as:

> Any and all persons who are or were employed as an hourly-paid non-exempt employee by The Okonite Company, Inc. at its Santa Maria, California plant from April 6, 2016, until resolution of this lawsuit ("4-Year Statutory Period") who were required to remain at the plant during meal-and-rest breaks or required to obtain permission to leave the premises during meal-and-rest breaks (collectively, the "Class Members").

12. The proposed Waiting Time Subclass is comprised of and defined as:

> Any and all Class Members who are or were employed

from April 6, 2017, until resolution of this lawsuit ("3-Year Statutory Period") who were either discharged or resigned during the Statutory Period without timely payment of all earned wages at the time of separation (collectively, the "Waiting Time Class Members").

13. The proposed Paystub Subclass is comprised of and defined as:

All Class Members who are or were employed from April 6, 2019, until resolution of this lawsuit ("1-Year Statutory Period") (collectively, the "Paystub Subclass Members").

14. There is a well-defined community of interest in this litigation and the Class and Subclass Members are easily ascertainable as set forth below:

a. **Numerosity:** The members of the Class and Subclasses are so numerous that joinder of all Class Members and Subclass Members would be unfeasible and impractical. The membership of the entire Class and Subclasses is unknown to Plaintiff at this time; however, the Class is estimated to be greater than 250 individuals, the Waiting Time Subclass is estimated to be greater than 200 individuals, and the Paystub Subclass is estimated to be greater than 150 individuals, and the identity of such membership is readily ascertainable by inspection of Defendant's employment records.

b. **Typicality:** Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member and Subclass Member with whom he has a well-defined community of interest. Plaintiff's claims herein alleged are typical of those claims which could be alleged by any Class Member and/or Subclass Member, and the relief sought is typical of the relief which would be sought by each of the Class Members and/or Subclass Members in separate actions. All Class Members and Subclass Members have been similarly harmed by being denied off-duty breaks, timely payment of wages, and accurate wage statements due to Defendant's policies and companywide practices. Further, Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member and Subclass Member.

  **c.** **Adequacy:** Plaintiff is qualified to and will fairly and adequately protect the interests of each Class Member and Subclass Member with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member and/or Subclass Member. Plaintiff's attorneys and the proposed Class and Subclass counsel are versed in the rules governing class action discovery, certification, and settlement and experienced in handling such matters.

  **d.** **Superiority:** The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, judicial resources, and expense compared to separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclass would create a risk of inconsistent and/or varying adjudications with respect to the individual Class Members and/or Subclass Members, establishing incompatible standards of conduct for the Defendant and resulting in the impairment of the Class Members' and/or Subclass Members' rights and the disposition of their interests through actions to which they were not parties.

  **e.** **Public Policy Considerations**: Employers in the state of California violate employment and labor laws every day.  Current employees fear retaliation. Former employees are also fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear for retaliation or damage.

  15. There are common questions of law and fact as to the Class and Subclasses that predominate over questions affecting only individual members including, but not limited to:

  a. Whether Defendant had a class-wide policy or practice requiring Class Members to remain on-site during breaks without the required payment of wages as

required by law, including Labor Code §§ 226.7, 512, and 1198;

b. Whether Defendant failed to timely pay Class Members for all wages due in a timely manner as required by law, including Labor Code § 204;

c. Whether Defendant failed to timely pay Waiting Time Subclass Members wages at or near the time of their separation from employment as required by Labor Code §§ 201-202;

d. Whether Defendant failed to comply with the wage reporting requirements of the Labor Code, including, but not limited to, Labor Code § 226;

e. whether Defendant's conduct was knowing, intentional, and/or willful;

f. the appropriate amount of statutory damages, restitution, and/or monetary penalties resulting from Defendant's violations of California law.

## COMMON FACTUAL ALLEGATIONS

16. Plaintiff Walter Parrish was employed as a mechanic by Defendant at The Okonite Company, Inc.'s plant located in Santa Maria, CA. Plaintiff was employed prior to and throughout the Statutory Period from April 6, 2016, through his retirement effective December 31, 2019. Plaintiff is informed and believes the acts and omissions described below continued past that time against the Class Members and the violations will continue through the resolution of this action.

17. Throughout the Statutory Period, Defendant had a policy and practice of requiring the Class Members including Plaintiff to remain at the plant during their meal-and-rest breaks in violation of Labor Code section 226.7. Defendant did so for their own benefit at the expense of its workers. In addition to violating Section 226.7, this practice rendered meal periods "on duty."

18. As a result of Defendant's failure to pay premium wages, as alleged above, throughout the Statutory Period Defendant also regularly committed derivative violations of the California Labor Code, including a failure to pay wages in a timely manner under Labor Code sections 201-204, failure to issue accurate wage statements under Labor Code section 226, and failure to comply with various

recordkeeping requirements.

19. Throughout the Statutory Period, Defendant also regularly advocated and encouraged Plaintiff and Class Members to work seven (7) days consecutively in a single workweek in violation of Labor Code sections 551 and 552. Defendant's production plans and goals regularly counted on the Class Members working seven days continuously, with shifts regularly exceeding 8 hours per day to boot. Defendant regularly rewarded Class Members for working seven days consecutively, while threatening to replace or otherwise retaliate against employees if they chose to take a day off. The decision for employees whether to work seven days consecutively was made for them by management; Defendant insisted that the Class Members work seven days consecutively, and Class Members did as they were instructed. Defendant violated California's day-of-rest regulations and are liable for civil penalties under the PAGA. Plaintiff has exhausted administrative remedies to seek civil penalties under the PAGA for these violations and will seek to amend this complaint as may be appropriate.

20. The Class Members including Plaintiff were overworked to the point of exhaustion. By overworking employees, Defendant produced fatigued workers and dangerous working conditions. The Class Members work with dangerous equipment and materials in their work for Defendant. It is essential to workplace safety that the Class Members be alert and well-rested while performing their jobs. By overworking Class Members including Plaintiff without adequate off-duty rest, and by requiring and permitting unsafe work, and failing to provide safe workplaces, practices, and processes, Defendant violated Labor Code, §§ 6400, 6401, 6402, 6403, 6404. Plaintiff is informed and believes that Defendant's acts and omissions increased injuries and the risk of injury. Plaintiff has exhausted administrative remedies to seek civil penalties under the PAGA for these violations.

21. Plaintiff and Class Members seek all remedies available under California law.

# CLASS ACTION CLAIMS

## FIRST CLAIM

**(Illegal On-Duty Breaks by Plaintiff and Class Members Against Defendant)**

22. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

23. Pursuant to the IWC Wage Orders applicable to Plaintiff and Class Members' employment by Defendant: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ... Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages."

24. Pursuant to California Labor Code §512, no employer shall employ an employee for a work period of more than five hours without providing a meal break of not less than thirty minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes, except that if the total hours worked is no more than twelve hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

25. Pursuant to the IWC Wage Orders applicable to Plaintiff and Class Members' employment by Defendant, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employee must consent in writing to the "on duty" meal period. Plaintiff and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that they are prevented from being relieved of all duties.

26. Employees must be free to leave the premises during meal-and-rest breaks; otherwise, the time is considered "on duty" and must be paid accordingly.

27. Despite said requirements of the IWC Wage Orders applicable to Plaintiff and Class Members' employment by Defendant and California Labor Code §§ 512 and 226.7, Plaintiffs and Class Members were not free to leave the plant premises during their breaks.

28. Defendant had an illegal policy and practice of prohibiting Class Members from leaving its premises during meal periods and/or requiring Class Members to obtain special permission before leaving the premises during their meal periods, creating a de facto rule and employer expectation that Class Members would remain on the premises and be available to work during such breaks, or else be subject to disciplinary action.

29. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

30. Pursuant to California Labor Code § 226.7 and the IWC Wage Orders, Plaintiff, Class Members are entitled to recover two hours of premium pay for each day in which an off-duty meal-and-rest period was not provided.

31. At all times set forth herein, Defendant employed Plaintiff and other persons similarly situated throughout the state of California and continues to employ such persons.

32. Plaintiff is informed and believes, and thereon alleges, that Defendant is and was advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

33. Plaintiff is informed and believes, and thereon alleges, that Defendant knows, should know, knew and/or should have known that Plaintiff and the other Class Members were entitled to receive off-duty breaks.

34. Plaintiff is informed and believes, and thereon allege, that at all times

1  herein mentioned, Defendant knew that it had a duty to provide off-duty breaks to
2  Plaintiff and Class Members and pay all wages for all hours worked, and that
3  Defendant had the financial ability to pay such compensation, but willfully,
4  knowingly, recklessly, and/or intentionally failed to do so.

5        35.    Defendant's conduct, as alleged in this complaint, has been, and
6  continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members,
7  Defendant's competitors, and the general public. Plaintiff seeks to enforce important
8  rights affecting the public interest within the meaning of California Code of Civil
9  Procedure §1021.5.

10        36.    Defendant's policies, activities, and actions as alleged herein are
11  violations of California law and constitute unlawful business acts and practices in
12  violation of California Business and Professions Code §§ 17200, *et seq.*

13        37.    A violation of California Business and Professions Code §§ 17200, *et*
14  *seq.* may be predicated on the violation of any state or federal law. In the instant
15  case, Defendant's policies and practices of failing to pay Plaintiff and Class
16  Members earned wages, among the other statutory violations alleged herein, over
17  the past four years violates the California Labor Code, including California Labor
18  Code §§ 221-223, 201-202, 204, 226, 226.7, and 1198.

19        38.    Plaintiff and Class Members have been personally aggrieved by
20  Defendant's unlawful and unfair business acts and practices alleged herein by the
21  loss of money and/or property.

22        39.    Pursuant to California Business and Professions Code §§ 17200, *et*
23  *seq.*, Plaintiff and Class Members are entitled to restitution of the wages withheld
24  and retained by Defendant during the 4-Year Statutory Period; an award of
25  attorneys' fees pursuant to California Code of Civil Procedure §1021.5 and an
26  award of costs.

27  / / /
28  / / /

## SECOND CLAIM

**(For Failure to Pay Wages at Termination by Plaintiff and Waiting Time Subclass Members Against Defendant)**

40. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

41. California Labor Code §§ 201 and 202 require an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two hours thereafter, unless the employee has given seventy two hours' previous notice of his or her intention to quit in which case the employee is entitled to his or her wages on their last day of work. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by California Labor Code §§201 and 202, the employer is liable for waiting time penalties in the form of continued compensation for up to thirty work days.

42. Throughout the 3-Year Statutory Period, Defendant willfully failed and refused, and continues to willfully fail and refuse, to pay Plaintiff and Waiting Time Subclass Members their wages, earned and unpaid, either at the time of discharge, or within seventy-two hours of their voluntarily leaving Defendant's employ.

43. Defendant's willful failure to pay Plaintiff and Waiting Time Subclass Members their wages earned and unpaid at the time of discharge, or within seventy-two hours of their voluntarily leaving Defendant's employ, violates California Labor Code §§ 201 and 202.

44. As a result, Defendant is liable to Plaintiff and Waiting Time Subclass Members for waiting time penalties pursuant to California Labor Code § 203, in an amount according to proof at the time of trial.

/ / /

/ / /

# THIRD CLAIM

**(For Inaccurate Wage Statements by Plaintiff and Paystub Subclass Members Against Defendant)**

45. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

46. California Labor Code §226(a) sets forth reporting requirements for employers when they pay wages: "Every employer shall ... at the time of each payment of wages, furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee ... (5) net wages earned ... and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…."

47. California Labor Code §226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by "an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."

48. California Labor Code §226(e)(2)(B) provides: An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a). (ii) Which deductions the employer made from gross wages to determine the net wages

paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a). (iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period. (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number."

49. Throughout the 1-Year Statutory Period, and on Defendant's final payment of wages to Paystub Class Members at or near the time of their discharge or resignation, Defendant knowingly and intentionally failed, and continues to fail to furnish Plaintiff and Paystub Subclass Members, complete and accurate wage statements upon each payment of wages in violation of California Labor Code §226(a).

50. Plaintiff and Paystub Subclass Members were injured by these failures because, among other things, these failures led them to believe that they were not entitled to be paid wages for all work performed although they were so entitled, they were required to perform mathematical computations to analyze whether wages paid, in fact, compensated for all work performed and sales made, and they were not able to determine from the wage statements alone one or more of the items required to be provided. Defendant's failure to comply with California Labor Code §226(a) also hindered Plaintiff and Paystub Subclass Members from determining the amounts of wages actually owed to them.

51. Defendant will no doubt continue these illegal practices until such time as it is forced to pay penalties in compliance with California Labor Code §226(e).

52. Plaintiff and Paystub Subclass Members, are entitled to recover statutory penalties, interest, injunctive relief, and attorneys' fees and costs pursuant to California Labor Code §226(e) and (h).

# PAGA CLAIMS

## FOURTH CLAIM

### (For Civil Penalties by Plaintiff and Class Members Against Defendant)

53. Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

54. On or about September 30, 2020, Plaintiff filed a PAGA Notice of Claims with the LWDA (Case No. LWDA-CM- 808131-20) asserting the same violations of the Labor Code alleged above between April 6, 2019, through the resolution of the action.

55. The government agencies to whom the violations were addressed did not investigate and the time for them to do so has expired. With respect to any and all violations that were curable under the PAGA (if any), Defendant failed to cure the violations. Plaintiff exhausted all administrative procedures under the PAGA and has standing to seek civil penalties in this action as a proxy of the State of California. Plaintiff does not seek class certification with respect to this claim under the PAGA.

56. Defendant is liable for all civil penalties, remedies, and relief available under the PAGA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

a. **Class Certification**
   1. That this action, with respect to the First, Second, and Third Claims only, be certified as a class action;
   2. That Plaintiff be appointed as representative(s) of the Class and Subclasses;
   3. That counsel for Plaintiff be appointed as counsel for the Class and Subclasses.

b. **On the First through Third Claims**

1. For compensatory damages in an amount not less than $1,000,000;
2. For pre-judgment interest on any unpaid wages due from the day that such amounts were due according to proof;
3. For statutory penalties pursuant to California Labor Code §§ 203 and 226(e);
4. For restitution and disgorgement pursuant to Business & Professions Code §§ 17200, *et seq.*;
5. For reasonable attorneys' fees and costs; and
6. For such other and further relief as the Court deems proper.

   c. **On the Fourth Claim**

1. For civil penalties in an amount not less than $1,000,000;
2. For reasonable attorneys' fees and costs; and
3. For such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this matter.

DATED: December 16, 2020        **WORKWORLD LAW CORP.**
A Professional Corporation

By: /s/ Ruben Escobedo
RUBEN ESCOBEDO
Attorney for Plaintiff, WALTER PARRISH, and on Behalf of Other Members of the Public Similarly Situated and the State of California