MOHAMMED K. GHODS (SBN 144616)
JEREMY A. RHYNE (SBN 217378)
LEX OPUS
2100 N. Broadway, Suite 210
Santa Ana, CA 92706
Telephone:   (714) 558-8580
Facsimile:    (714) 558-8579
jrhyne@lexopusfirm.com

RUBEN ESCOBEDO (SBN 277866)
WORKWORLD LAW CORP.
A Professional Corporation
731 S. Lincoln Street
Santa Maria, CA 93458
Telephone:  (805) 335-2476
Facsimile:    (805) 892-6213
Email: ruben@workworldlaw.com

Attorneys for Plaintiff, WALTER PARRISH,
and on Behalf of Other Members of the
Public Similarly Situated and the State of California

 [*Additional counsel on next page*]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER PARRISH, Individually, and on Behalf of Other Members of the Public Similarly Situated and the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>THE OKONITE COMPANY, INC., a corporation; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO: CV -20-9000-JFW (JCx)<br><br>*Assigned for All Purposes to:*<br>*Hon. John F. Walter*<br><br>**MODIFIED STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT**<br><br>**[CHANGES MADE BY COURT]** |

RACHAEL LAVI, Bar No. 294443
rlavi@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
Telephone: 310.553.0308
Facsimile:  310.553.5583

Attorneys for Defendant
The Okonite Company, Inc.

1    The Parties represent that discovery in this action is likely to involve

2    production of confidential, proprietary, or private information for which special

3    protection from public disclosure and from use for any purpose other than

4    prosecuting this litigation may be warranted.  Accordingly, the parties hereby

5    stipulate to and petition the Court to enter the following Stipulated Protective Order.

6    The parties acknowledge that this Order does not confer blanket protections on all

7    disclosures or responses to discovery and that the protection it affords from public

8    disclosure and use extends only to the limited information or items that are entitled

9    to confidential treatment under the applicable legal principles. The parties further

10   acknowledge, as set forth in Section XIIC below, that this Stipulated Protective

11   Order does not entitle them to file confidential information under seal.  Rather,

12   when the parties seek permission from the court to file material under seal, the

13   parties must comply with Civil Local Rule 79-5 and with any pertinent orders of the

14   assigned District Judge and Magistrate Judge.  <u>See</u> Standing Order, ¶ 9 (Docket No.

15   9) (governing Proposed Protective Orders and Filings Under Seal).

16   I.    <u>GOOD CAUSE STATEMENT</u>

17       The parties represent this action is likely to involve the disclosure of material

18   protected under the constitutional, statutory, or common law right to privacy or

19   protected as confidential business, financial, proprietary, or private personnel, policy

20   and payroll information.  Such confidential and proprietary materials and

21   information consist of, among other things, confidential information regarding

22   current and/ or former employees, confidential business or financial information,

23   information regarding confidential business practices, or other confidential

24   commercial information (including information implicating privacy rights of third

25   parties), information otherwise generally unavailable to the public, or which may be

26   privileged or otherwise protected from disclosure under state or federal statutes,

27   court rules, case decisions, or common law.  Accordingly, to expedite the flow of

28   information, to facilitate the prompt resolution of disputes over confidentiality of

discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential for tactical reasons or without a good faith belief that it has been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

II.    DEFINITIONS

A.    Action: Action refers to the above referenced matter titled *Walter Parrish v. The Okonite Company, Inc.*, CV -20-9000-JFW (JCx), in the Central District of California.

B.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

C.    "CONFIDENTIAL" Information or Items: information that has not been made public or is not otherwise available or accessible in the public domain and that concerns or relates to the confidential or proprietary information of: (1) Defendant The Okonite Company, Inc. ("Defendant"); (2) Plaintiff Walter Parrish ("Plaintiff"); or (3) any third parties, the disclosure of which information is likely to have the effect of causing harm to the competitive position of Defendant or to the organization or person from whom the information was obtained, or to the parties' privacy.  Confidential Information also includes private information pertaining to Defendant's or a third party's employees, for which Defendant or a third party has a duty to maintain the confidentiality of such information.  Information designated Confidential may be used only in connection with this proceeding, and

not for any other purpose.  Such information may not be disclosed to anyone except as provided in this Order.

    D.     <u>Counsel</u>: "Counsel" means:

        1)     Littler Mendelson, a professional corporation, and its respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

        2)     Lex Opus and Workworld Law Corporation, and their respective support staff and other employees who are not employed by a Party and to whom it is necessary to disclose Confidential Information for the purpose of this action;

    E.     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    F.     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    G.     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

    H.     <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

    I.     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

///

J.   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

K.   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

L.   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

M.   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

N.   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

O.   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

III.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material other than during a court hearing or at trial.

Any use of Protected Material during a court hearing or at trial shall be governed by the orders of the presiding judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

IV.     <u>DURATION</u>

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

V.     <u>DESIGNATING PROTECTED MATERIAL</u>

A.     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.     Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

1.     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

2.     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition.

3.     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."

C.     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive

the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VI.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.     Meet and Confer.  The Challenging Party shall meet and confer in good faith with the Designating Party.

C.     Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

VII.    ACCESS TO AND USE OF PROTECTED MATERIAL

A.     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section XIV below (FINAL DISPOSITION).

///

///

1    Protected Material must be stored and maintained by a Receiving Party at a

2    location and in a secure manner that ensures that access is limited to the persons

3    authorized under this Order.

4        B.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

5    otherwise ordered by the Court or permitted in writing by the Designating Party, a

6    Receiving Party may disclose any information or item designated

7    "CONFIDENTIAL" only to:

8            1.    the Receiving Party's Outside Counsel of Record in this Action,

9    as well as employees of said Outside Counsel of Record to whom it is reasonably

10   necessary to disclose the information for this Action;

11           2.    the officers, directors, and employees (including House Counsel)

12   of the Receiving Party to whom disclosure is reasonably necessary for this Action;

13           3.    Experts (as defined in this Order) of the Receiving Party to

14   whom disclosure is reasonably necessary for this Action and who have signed the

15   "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

16           4.    the Court and its personnel;

17           5.    court reporters and their staff;

18           6.    professional jury or trial consultants, mock jurors, and

19   Professional Vendors to whom disclosure is reasonably necessary for this Action

20   and who have signed the "Acknowledgment and Agreement to Be Bound by

21   Protective Order" (Exhibit A);

22           7.    the author or recipient of a document containing the information

23   or a custodian or other person who otherwise possessed or knew the information;

24           8.    during their depositions, witnesses, and attorneys for witnesses,

25   in the Action to whom disclosure is reasonably necessary provided: (1) the deposing

26   party requests that the witness sign the form attached as Exhibit A hereto; and

27   (2) they will not be permitted to keep any confidential information unless they sign

28   the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit

A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

        9.     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

     C.    <u>Protected Material Subpoenaed Or Ordered Produced In Other Litigation</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

        1.     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        2.     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

        3.     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless otherwise required by the law or court order.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as

///

1 authorizing or encouraging a Receiving Party in this Action to disobey a lawful
2 directive from another court.

3 VIII.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
4            PRODUCED IN THIS LITIGATION

5        A.    The terms of this Order are applicable to information produced by a
6 Non-Party in this Action and designated as "CONFIDENTIAL."  Such information
7 produced by Non-Parties in connection with this litigation is protected by the
8 remedies and relief provided by this Order. Nothing in these provisions should be
9 construed as prohibiting a Non-Party from seeking additional protections.

10       B.    In the event that a Party is required, by a valid discovery request, to
11 produce a Non-Party's confidential information in its possession, and the Party is
12 subject to an agreement with the Non-Party not to produce the Non-Party's
13 confidential information, then the Party shall:

14            1.    promptly notify in writing the Requesting Party and the Non-
15 Party that some or all of the information requested is subject to a confidentiality
16 agreement with a Non-Party;

17            2.    promptly provide the Non-Party with a copy of the Stipulated
18 Protective Order in this Action, the relevant discovery request(s), and a reasonably
19 specific description of the information requested; and

20            3.    make the information requested available for inspection by the
21 Non-Party, if requested.

22       C.    If the Non-Party fails to seek a protective order from this Court within
23 14 days of receiving the notice and accompanying information, the Receiving Party
24 may produce the Non-Party's confidential information responsive to the discovery
25 request.  If the Non-Party timely seeks a protective order, the Receiving Party shall
26 not produce any information in its possession or control that is subject to the
27 confidentiality agreement with the Non-Party before a determination by the Court
28 unless otherwise required by the law or court order. Absent a court order to the

contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

IX.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

X.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

XI.   FEDERAL RULE OF EVIDENCE 502(D) AND (E) CLAWBACK AGREEMENT

Pursuant to Federal Rules of Evidence 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against

///

1  claims of waiver (including as against third parties and in other federal and state

2  proceedings) as follows:

3      A.      The disclosure or production of documents by a Producing Party

4  subject to a legally recognized claim of privilege, including without limitation the

5  attorney-client privilege and the work-product doctrine, to a Receiving Party, shall

6  in no way constitute the voluntary disclosure of such document.

7      B.      The inadvertent disclosure or production of any document in this action

8  shall not result in the waiver of any privilege, evidentiary protection or other

9  protection associated with such document as to the Receiving Party or any third

10 parties, and shall not result in any waiver, including subject matter waiver, of any

11 kind.

12     C.      If, during the course of this litigation, a party determines that any

13 document produced by another party is or may reasonably be subject to a legally

14 recognizable privilege or evidentiary protection ("Protected Document"):

15         1.      the Receiving Party shall: (a) refrain from reading the Protected

16 Document any more closely than is necessary to ascertain that it is privileged or

17 otherwise protected from disclosure;  (b) immediately notify the Producing Party in

18 writing that it has discovered Documents believed to be privileged or protected;

19 (c) specifically identify the Protected Documents by Bates number range or hash

20 value, and, (d) within 10 days of discovery by the Receiving Party, return, sequester,

21 or destroy all copies of such Protected Documents, along with any notes, abstracts

22 or compilations of the content thereof.  To the extent that a Protected Document has

23 been loaded into a litigation review database under the control of the Receiving

24 Party, the Receiving Party shall have all electronic copies of the Protected

25 Document extracted from the database.  Where such Protected Documents cannot be

26 destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by

27 the Receiving Party.  Notwithstanding, the Receiving Party is under no obligation to

28 ///

search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

2. If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within 10 days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

D. If, during the course of this litigation, a party determines it has produced a Protected Document:

1. the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

2.     The Receiving Party must, within 10 days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

E.     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs XI(c)(2) and XI(d)(1), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

F.     The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

1.     the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

2.     the disclosure of the Protected Documents was not inadvertent;

3.     the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

4.     the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

1    G.    Either party may request that the Court permit such party to submit

2  Protected Documents to the Court under seal for a determination of the claim of

3  privilege or other protection.  The Producing Party shall preserve the Protected

4  Documents until such claim is resolved.  The Receiving Party may not use the

5  Protected Documents for any purpose absent this Court's order.

6    H.    Upon a determination by the Court that the Protected Documents are

7  protected by the applicable privilege or evidentiary protection, and if the Protected

8  Documents have been sequestered rather than returned or destroyed by the

9  Receiving Party, the Protected Documents shall be returned or destroyed within 10

10  days of the Court's order.  The Court may also order the identification by the

11  Receiving Party of Protected Documents by search terms or other means and may

12  issue any other orders it deems appropriate.

13    I.    Nothing contained herein is intended to, or shall serve to limit a party's

14  right to conduct a review of documents, data (including electronically stored

15  information) and other information, including without limitation, metadata, for

16  relevance, responsiveness and/or the segregation of privileged and/or protected

17  information before such information is produced to another party.

18    J.    By operation of the Parties' agreement and Court Order, the Parties are

19  specifically afforded the protections of Federal Rules of Evidence 502 (d) and (e).

20  XII.  MISCELLANEOUS

21    A.    Right to Further Relief. Nothing in this Order abridges the right of any

22  person to seek its modification by the Court in the future.

23    B.    Right to Assert Other Objections. By stipulating to the entry of this

24  Protective Order, no Party waives any right it otherwise would have to object to

25  disclosing or producing any information or item on any ground not addressed in this

26  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

27  ground to use in evidence of any of the material covered by this Protective Order.

28  ///

C.     Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  <u>See</u> Standing Order, ¶ 9 (Docket No. 9) (governing Proposed Protective Orders and Filings Under Seal). Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

XIII.  <u>INFORMATION SECURITY</u>

A.     Except the Court/Court personnel, any  person  in possession of another party's  CONFIDENTIAL information shall  maintain  a written  information security  program  that  includes  reasonable  administrative, technical,  and physical  safeguards designed  to  protect  the  security  and  confidentiality of  such CONFIDENTIAL information,  protect against  any reasonably anticipated  threats or hazards  to the security  of such CONFIDENTIAL information, and protect against  unauthorized  access  to or use of such CONFIDENTIAL information.  To the extent a person or party to whom this paragraph applies does not have an information security  program they may comply  with  this  provision  by  having the  CONFIDENTIAL information managed by and/or stored  with  eDiscovery vendors or claims administrators that maintain such  an  information security program.

B.     If the Receiving  Party  discovers a breach  of security,  including  any actual  or suspected unauthorized  access,  relating  to another party's CONFIDENTIAL information, the  Receiving  Party shall:

1.     promptly provide  written  notice  to Designating  Party  of such breach;

///

///

2.      investigate and take reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach shall not recur; and

3.      provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach.   If required by any judicial or governmental request, requirement or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means.  The Receiving Party agrees to cooperate with the Designating Party or law enforcement in investigating any such security incident.  In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

XIV.  FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials

1    contain Protected Material. Any such archival copies that contain or constitute

2    Protected Material remain subject to this Protective Order as set forth in Section 4

3    (DURATION).

4    ///

5    ///

6    ///

7    ///

8    ///

9    ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

MODIFIED STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

DATED: December 16, 2020                    **LEX OPUS**


By:  ***/s/ Ruben Escobedo***
 JEREMY A. RHYNE
 RUBEN ESCOBEDO
 *Attorneys for Plaintiff, MICHAEL REAL,*
 *and on Behalf of Other Members of the*
 *Public Similarly Situated and the State of*
 *California*

DATED: December 16, 2020                    **LITTLER MENDELSON P.C.**


By:  ***/s/ Rachael Lavi***
 RACHAEL LAVI
 *Attorney for Defendant*
 *The Okonite Company, Inc.*

**Attestation of Authorization to Use E-Signature**

Pursuant to Civil Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


By:  ***/s/ Rachael Lavi***
 RACHAEL LAVI
 *Attorney for Defendant*
 *The Okonite Company, Inc.*

**IT IS SO ORDERED AS MODIFIED**


DATED:  December 23, 2020                    /s/
 Honorable Jacqueline Chooljian
 UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WALTER PARRISH, Individually, and on Behalf of Other Members of the Public Similarly Situated and the State of California,<br><br>        Plaintiff,<br><br>        vs.<br><br>THE OKONITE COMPANY, INC., a corporation; and DOES 1 through 25, inclusive,<br><br>        Defendants. | CASE NO: CV -20-9000-JFW (JCx)<br><br>*Assigned for All Purposes to:*<br>*Hon. John F. Walter*<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

The undersigned hereby acknowledges that he/she having read the Modified Stipulated Protective Order ("Protective Order") entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms, ensuring that any employees and/or clerical assistants will also abide thereby.  The undersigned submits to the jurisdiction of this Court in matters relating to the Protective Order and understands that the terms obligate him/her to use documents designated "CONFIDENTIAL" in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such

documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Entered into on this _____ day of _____, _____.

Signature:      _____

Print Name:    _____

Address:        _____

_____

MODIFIED STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT