**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 20-9000-JFW(JCx)** | Date:  May 24, 2021 |
| Title: | Walter Parrish -v- The Okonite Company, Inc. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):  ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [filed 4/14/2021; Docket Nos. 44, 51]**

On April 14, 2021, Plaintiff Walter Parrish ("Plaintiff") filed a Motion for Class Certification. On April 26, 2021, Defendant The Okonite Company, Inc. filed its Opposition.  On May 3, 2021, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's May 17, 2021 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Federal Rule of Civil Procedure 23.  *Zinser v. Accufix Research Institute, Inc.*. 253 F. 3d 1180, 1186 (9th Cir. 2001), *as amended*, 273 F.3d 1266 (9th Cir. 2001).  The party seeking class certification bears the burden of demonstrating that the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) have been satisfied.  *Id.*

Under Rule 23(a), a class action is only proper if:

(1)     the class is so numerous that joinder of all members is impracticable;

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. Proc. 23(a).

If the Rule 23(a) prerequisites are met, the Court must decide if certification is appropriate under Rule 23(b).  In this case, Plaintiff seeks certification of the Class under Rule 23(b)(3), which authorizes certification if:

> [T]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A)   the class members' interest in individually controlling the prosecution or defense of separate actions;
>
> (B)   the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D)   the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

"Rule 23 does not set forth a mere pleading standard.  A party seeking class certification must affirmatively demonstrate his compliance with the Rule -- that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).  "When considering class certification under Rule 23, district courts are not only at liberty to, but must perform 'a rigorous analysis [to ensure] that the prerequisites of Rule 23(a) have been satisfied.'"  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011) (*quoting Wal-Mart*, 564 U.S. 338). "In many cases, 'that rigorous analysis will entail some overlap with the merits of the plaintiff's underlying claim.  That cannot be helped.'"  *Id.*

For the reasons stated in Plaintiff's moving and reply papers, Plaintiff's Motion for Class Certification is **GRANTED**.  Many of the issues raised by Defendant are more appropriately raised on a motion for summary judgment (and should have been raised in a motion to dismiss), and do not justify a denial of the motion for class certification.  The Court signs, as modified, Plaintiff's Proposed Statement of Decision on Plaintiff's Motion for Class Certification, lodged with the Court on May 20, 2021 (Docket No. 73-1).

IT IS SO ORDERED.