JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER PARRISH, Individually, and on Behalf of Other Members of the Public Similarly Situated and the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>THE OKONITE COMPANY, INC.,<br><br>Defendant. | CASE NO: CV -20-9000-JFW (JCx)<br><br>**ORDER AND JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

Having considered all arguments and admissible evidence submitted by the parties, the Court GRANTS Plaintiff's Motion for Final Approval of Class Action Settlement, as follows:

Due and adequate notice has been given to the Class Members as required by this Court's order granting preliminary approval of the class action settlement. Having considered the papers on Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. #196),

1

the settlement as set forth in the Joint Stipulation of Class Action Settlement and Release (Dkt. #189-1) ("Settlement"), and the record and proceedings herein, and having determined that the Settlement is fair, adequate, and reasonable, and otherwise being fully informed, the Court finds, concludes, and hereby orders and adjudges as follows: Plaintiff's Motion for Final Approval of Settlement and Plaintiff's Motion for Attorneys' Fees and Costs are hereby granted.

The Class includes all members of the class certified by the Court in the May 24, 2021 Order Granting Plaintiff's Motion For Class Certification, defined as "Any and all persons who are or were employed as an hourly-paid nonexempt employee by The Okonite Company, Inc. at its Santa Maria, California plant from April 6, 2016, until resolution of this lawsuit, who were required to remain at the plant during meal-and-rest breaks or required to obtain permission to leave the premises during meal-and-rest breaks."

"Class Member(s)" or "Settlement Class" means a member of the Class who did not file an valid and timely request to exclude himself or herself from the Class after the Class Member was mailed notice of the Class certification. Each Class Member has already had notice and an opportunity to opt out. Individuals who (i) entered into individualized settlement agreements with Defendant and signed a general release, and (ii) did not thereafter continue to work for Defendant as an hourly-paid nonexempt employees are excluded from the Settlement Class. In addition, by virtue of the Court's order granting summary judgment regarding the Business and Professions Code section 17200 claim, individuals who were removed from employment as an hourly-paid nonexempt employee between April 6, 2016, and April 6, 2017, are excluded from the Settlement Class. Individuals who timely opted out of the Class are also excluded from the Settlement Class.

Distribution of the Notice Packets directed to the Class Members as set forth in the Settlement has been completed in conformity with the preliminary approval order, including individual notice to all Class Members who could be identified

through reasonable effort, and was the best notice practicable under the circumstances.  The Notice Packets provided due and adequate notice of the proceedings and of the matters set forth in the preliminary approval order, including the proposed Settlement. The Notice Packets provided adequate and appropriate notice to all persons entitled to such Notice Packets and therefore fully satisfied due process requirements. No Class Member has objected and thus all members of the Class are covered by and included within the Settlement and within this order and judgment.

The Court finds that the Parties complied with the requirements of the Class Action Fairness Act, 28 U.S.C. section 1715 and provided notice to the appropriate federal and state officials of this settlement. Additionally, the Parties complied with the requirements of the Private Attorneys General Act, Cal. Labor Code section 2699 (l)(2), and provided notice to the LWDA of the proposed settlement. The Court directs Plaintiff to provide notice of this order to the LWDA.

The Court hereby finds that the Settlement was entered into in good faith and further finds that the Settlement is fair, reasonable, and adequate, and that Plaintiff has satisfied the standards and applicable requirements for final approval of the Settlement under Rule 23 of the Federal Rules of Civil Procedure.

The Court hereby approves the Settlement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the Parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of intensive, serious, and non-collusive arm's-length negotiations. In granting final approval of the Settlement, the Court considered the nature of the claims, the allocation of settlement proceeds to the Class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Settlement have no deficiencies and do not improperly grant preferential treatment to any individual Class member.  The Court also finds that the Class has

1 | been properly certified for settlement purposes only. Zero (0) Class members
2 | objected to the Settlement. Upon the Effective Date, each Class Member is and
3 | shall be deemed to have conclusively released each and every Released Claim, as
4 | that term is defined in the Settlement, against Defendant and Released Parties.

       The Settlement does not constitute an admission by Defendant of liability to Plaintiff or any Class member, nor does this order constitute a finding by the Court of the validity of any of the claims alleged in this Action, or any liability of Defendant.

       The Court hereby finds the $900,000 Gross Fund provided for in the Settlement to be fair, reasonable, and adequate.

       The Court hereby confirms Mohammed K. Ghods, Jeremy A. Rhyne, and Ruben Escobedo as Class Counsel.

       The Court orders the Parties to carry out the terms of the Settlement, including all distributions set forth therein, in accordance with this order and judgment.

       The Court orders ILYM Group to distribute Individual Settlement Payments to the Class Members, in accordance with the terms of the Settlement. The Court further approves the payment of $10,000 to ILYM Group for the Settlement Administration Costs as set forth in the Settlement. The payment authorized by this paragraph shall be made in accordance with the terms of the Settlement.

       The Court approves the settlement of claims under the California Labor Code Private Attorneys General Act ("PAGA"), California Labor Code §2698, et seq., and the payment of $33,750 to the California Labor and Workforce Development Agency ("LWDA") as the LWDA's share of the Settlement attributable to civil penalties under PAGA. The payment to the LWDA shall be made in accordance with the terms of the Settlement.

The Court hereby confirms Plaintiff as the Class Representative and orders payment of $10,000 to Plaintiff as a service award for his service as the Class Representative and also for consideration for Plaintiff's released claims. The payment of the Class Representative service award shall be made in accordance with the terms of the Settlement.

Under the terms of the Settlement and the authorities, evidence, and argument set forth in Class Counsel's application, an award of attorneys' fees in the amount of $300,000 and for costs and expenses in the amount of $128,200.69, as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel is hereby granted. The Court finds that Class Counsel's request is fair and reasonable, and that the results achieved justify the award. The payment of fees and costs to Class Counsel shall be made in accordance with the terms of the Settlement.

The Court shall have and retain continuing jurisdiction over the Action and over all Parties and Class members to the fullest extent necessary or convenient solely to address, enforce and effectuate the terms of the Settlement and this order and judgment as follows: (i) the interpretation and enforcement of the terms of the Settlement and this order; (ii) settlement administration matters; and (iii) such post-judgment matters as may be appropriate under court rules or set forth in the Settlement and/or this order.

If the Settlement does not become final and effective in accordance with its terms, this order and all orders entered in connection herewith, shall be vacated and shall have no further force or effect.

IT IS SO ORDERED AND ADJUDGED.

Dated: June 28, 2022

_____
U.S. DISTRICT JUDGE